**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE, )
)
v. ) ID No. 1911015492
)
JAMIL BIDDLE, )
)
Defendant. )

## <u>ORDER</u>

On this 31st day of October, 2023, upon consideration of Defendant Jamil Biddle's ("Defendant") *pro se* Motion for Transcripts (the "Motion") and the record in this case, it appears to the Court that:

1.  From November 15, 2021, through November 18, 2021, this Court held a criminal trial of Defendant. On November 18, 2021, the jury convicted him of Robbery in the First Degree, Possession of a Firearm During the Commission of a Felony, and Conspiracy in the Second Degree.[1]

2.  On November 24, 2021, Defendant filed a motion for a new trial pursuant to Superior Court Criminal Rule 33. This Court denied that motion on January 10, 2022.[2]

---

[1] *State v. Biddle*, 2022 WL 102376, at *1 (Del. Super. Jan. 10, 2022) (setting forth procedural history of case); *Biddle v. State*, 2023 WL 4876018, at *1 (Del. July 31, 2023) (same).
[2] *Biddle*, 2022 WL 102376, at *1-2.

3.  On August 12, 2022, Defendant was sentenced to the following: (1) for the Robbery charge, eight years of Level V supervision, with credit for 274 days previously served, suspended after five years for six months of Level IV supervision, followed by two years of Level III supervision; (2) for the Possession charge, fifteen years of Level V supervision, suspended after five years for two years of Level III supervision; and (3) for the Conspiracy charge, two years of Level V supervision, followed by two years of Level III supervision.

4.  Defendant subsequently appealed his conviction to the Delaware Supreme Court, which found "no error in any of the Superior Court's challenged rulings" and affirmed the conviction on July 31, 2023.[3]

5.  On August 2, 2023, Defendant filed the instant Motion, in which he asks this Court to furnish him at no cost with transcripts of the criminal trial proceedings that took place in this Court from November 15, 2021, through November 18, 2021.

6.  This Court recognizes no "blanket constitutional right to a free transcript for the purpose of preparing a post-trial motion."[4]  Pursuant to Superior Court Criminal Rule 44(f), at the request of the appointed counsel to an indigent defendant, this Court can furnish the defendant with a copy of the transcript of relevant trial testimony at cost to the State of Delaware when he or she "appeals to the Supreme

---

[3] *Id.* at *6, 12.
[4] *State v. Guinn*, 2011 WL 5975449, at *1 (Del. Super. Nov. 8, 2011) (quoting *State v. Allen*, 2002 WL 31814750, at *1 (Del. Super. Nov. 4, 2002)).

Court and the ground of the appeal requires a review of the evidence."[5] The defendant must show a "particularized need" for the transcripts.[6]

7. Here, the Delaware Supreme Court already affirmed Defendant's conviction on July 31, 2023.[7] Defendant has nothing pending before the Court which requires the transcripts he requests at the expense of the State of Delaware. His Motion fails to establish any particularized need for the transcripts. Hence, Defendant's Motion is **DENIED**.

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary

cc:     Jamil Biddle (SBI #00559892)

---

[5] Super. Ct. Crim. R. 44(f).
[6] *State v. Lampkins*, 2016 WL 5884961, at *1 (Del. Super. Oct. 6, 2016) (quoting *Freeman v. State*, 2003 WL 1857605, at *1 (Del. Apr. 8, 2003)).
[7] *Biddle*, 2022 WL 102376, at *12.